Filed 6/4/26  Vista Charter Public Schools v. Cal. State Bd. of Ed. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| VISTA CHARTER PUBLIC SCHOOLS,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CALIFORNIA STATE BOARD OF EDUCATION,<br><br>    Defendant and Respondent. | B342712<br><br>(Los Angeles County Super. Ct. No. 23STCP04041) |

APPEAL from a judgment of the Superior Court of the County of Los Angeles, Curtis A. Kin, Judge.  Affirmed.

Young, Minney & Corr, John C. Lemmo and Adam D. Afshar, for Plaintiff and Appellant.

Len Garfinkel, General Counsel, Paul Gant, Assistant General Counsel, and Virginia Cale, Deputy General Counsel, for Defendant and Respondent.

Julie Ashby Umansky, Chief Legal Officer & General Counsel for California Charter Schools Association; Law Office of Ricardo J. Soto, Ricardo J. Soto, as Amicus Curiae.

_____

## I. INTRODUCTION

Plaintiff Vista Charter Public Schools appeals from the trial court's denial of its petition for traditional writ of mandate. According to plaintiff, the court erred by concluding that defendant California State Board of Education did not abuse its discretion when it affirmed the denials of plaintiff's new charter school petition. We affirm the court's judgment.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. *Petition*

On August 17, 2022, plaintiff submitted a petition to establish a new charter school (the petition) to the Los Angeles Unified School District (the District) seeking to open and operate a charter high school, Vista Legacy Global Academy (Vista Legacy), within the District. The proposed school would become the sixth charter school operated by plaintiff in Southern California.

### B. *District Decision*

On October 11, 2022, the District's governing board held a public hearing on the report prepared by District staff

2

recommending denial of the petition and adoption of the staff's proposed findings made pursuant to Education Code section 47605.[1]

On November 15, 2022, the District held a board meeting at which it adopted the staff recommendation and denied the petition. The District based its denial on three separate written findings under section 47605, subdivision (c).[2]

### 1. Section 47605, subdivsion (c)(2)

Under subdivision (c)(2) of section 47605, the District determined that plaintiff was "demonstrably unlikely to successfully implement the program set forth in the petition." According to the District, the petition either omitted or failed to disclose significant facts which "raise[d] questions and concerns about the veracity and accuracy of the information presented by [plaintiff] to the public, stakeholders, and charter school authorizers about its schools and programs." Among other inaccuracies and omissions, the District found that, although the petition stated plaintiff began operating another charter high school in Orange County in 2021, data from the California

---

[1] All further statutory references are to the Education Code, unless otherwise indicated.

[2] As discussed below, subdivision (c) provides that a school district cannot deny a petition for the establishment of a charter school "unless it makes written factual findings, specific to the particular petition, setting forth specific facts to support one or more" of the eight enumerated determinations in that subdivision. (§ 47605, subd. (c)(1)–(8).)

Schools Dashboard (Dashboard)[3] showed plaintiff had delayed opening the school until the 2023–2024 school year; and the petition failed to disclose that plaintiff was managing another elementary school or describe the nature of plaintiff's relationship with that school.

The District also found that plaintiff was unfamiliar with the contents of its own petition and applicable legal requirements, citing: the petition's representation that Vista Legacy would offer dual enrollment with the University of California, Irvine and California State University campuses when school representatives, during the interview process, admitted that no such courses would be offered; the proposed Vista Legacy budget only allocated funds for a part-time principal position, but school officials stated that the school would have a full-time principal; and the petition's reference to English language development courses beginning at 7:30 a.m. which was a violation of the 8:30 a.m. start-time provisions of the Education Code.

And, the District found that plaintiff's existing obligations to the other schools it operated, along with other available data, called into question its ability to serve the students of Vista Legacy, noting that the Dashboard performance data available on four of the other schools operated by plaintiff showed they were underperforming state averages; another school operated by plaintiff, but not disclosed in the petition, was also underperforming; Vista Legacy would be opening at the same time that another of plaintiff's schools was scheduled to open;

---

[3]     The Dashboard is a publicly available online tool developed and maintained by the Department of Education which provides performance data on schools and districts.

4

and, although plaintiff's "span school" was approved to serve students in grades 6 through 12, it had only been serving students in grades 6 through 10, and therefore would require plaintiff's resources to serve additional students in grade levels 11 and 12.

### 2. Section 47605, subdivision (c)(5)

Under subdivision (c)(5), the District determined that the petition did not contain a reasonably comprehensive description of at least two of the 15 elements required by that subdivision. (§ 47605, subd. (c)(5)(A)–(O).) The District found (1) the petition failed to adequately describe Vista Legacy's educational program because, among other things, it did not "provide sample course schedules, course sequence of all grades, and the specific courses proposed to be offered to 9th grade students in the first year of operation[;]"and (2) the petition failed to describe adequately the proposed school's governing structure because plaintiff's articles of incorporation did not describe plaintiff's operation of one of its charter schools.

### 3. Section 47605, subdivision (c)(7)

Finally, under subdivision (c)(7), the District determined that Vista Legacy was "demonstrably unlikely to serve the interests of the entire community in which the school [was] proposing to locate," based on findings that (1) the opening of Vista Legacy "would substantially undermine/impact existing services, academic offerings, or programmatic offerings in the proposed targeted community" as the majority of the schools in that community were underenrolled and the new school would

5

therefore have "a substantive fiscal impact" on the existing District schools in the community; (2) Vista Legacy would duplicate programs currently offered in the District as there was "some duplication" between programs offered by the school, such as its career technical education (CTE) pathways and psycho-social supports, and existing similar programs offered in the District … and those existing programs had the capacity to serve the students Vista Legacy proposed to serve; and (3) plaintiff's other schools had not demonstrated the academic achievement necessary to meet the needs within the community; Dashboard data on the performance of three of the other charter schools operated by plaintiff showed those schools underperformed the state averages in four of five categories, including English language arts, math, English learner proficiency, and chronic absenteeism, while outperforming state averages in one category, suspension rates.

C.     *Appeal to County Board*

On December 14, 2022, plaintiff submitted an appeal of the District's denial of the petition to the Los Angeles County Board of Education (County Board) pursuant to section 47605, subdivision (k)(1)(A).

On February 7, 2023, the County Board held a hearing on the appeal at which a Vista Legacy representative provided an overview of the school and a District representative spoke in opposition to the petition.

On March 14, 2023, the County Board voted to deny the appeal based on the same three determinations under section 47605 as the District had made.

### 1. Section 47605, subdivision (c)(2)

Under subdivision (c)(2) of section 47605, the County Board found plaintiff was "demonstrably unlikely to successfully implement the program set forth in the petition" based on findings that: (1) other charter schools operated by plaintiff had failed to timely submit performance data to the Dashboard, conduct which showed plaintiff's unfamiliarity with the legal requirements applicable to charter schools; (2) plaintiff submitted a proposed budget with an unrealistic financial and operational plan for Vista Legacy, including, among other issues, understated staff salaries, overstated revenue projections, and overstated projected enrollment; and (3) there were issues with the CTE pathways and dual enrollment program described in the petition, including plaintiff's failure to fully develop curriculum for its health, business, and climate change courses, a lack of a dual enrollment relationship with any universities or community colleges, and a prior failure to fully implement a similar dual enrollment program in another charter school.

### 2. Section 47605, subdivision (c)(5)

Under subdivision (c)(5), the County Board determined that the petition did "not contain a reasonably comprehensive descriptions of all of the required elements" of subdivision (c)(5)(A) through (O). (Boldface omitted.) Specifically, the County Board found that the following "three of the 15 required elements were determined to be not reasonably comprehensive": (1) under subdivision (c)(5)(A), the description of the educational program lacked "an option for students to meet the requirements for the [California] State Seal of Bi-literacy, despite the high

7

number of bi-lingual students in the targeted community," "specifics regarding students who [were] behind academically," including an inadequate explanation of how "differentiation" would work in the classroom, and "a detailed plan to address credit deficient students;" (2) under subdivision (c)(5)(B), the petition did not contain reasonably comprehensive descriptions of measurable pupil outcomes as it did not "cite any annual academic outcomes for [9th] or [10th] grade students, … fail[ed] to have outcomes for science in any grade level[,]" and the "outcomes proposed in the petition for measuring student achievement based on internal assessments or comparison schools [could not] be used or verified" by the office of education; and (3) under subdivision (c)(5)(C), the method for measuring pupil progress was not reasonably comprehensive because the "petition relie[d] on the comparison of 'similar schools,' but there [was] no stated method for determining [those] schools and no way of retrieving this internal assessment information from similar schools" and "[t]he means by which the school [would] measure AP success [did] not align with the stated goal."

### 3. Section 47605, subdivision (c)(7)

Under subdivision (c)(7), the County Board determined Vista Legacy was demonstrably unlikely to serve the interests of the entire community in which the school was proposing to locate based on findings that: (1) Vista Legacy would substantially undermine existing services, academic offerings, or programmatic offerings because the District might "be forced to close and consolidate some of its high schools and reduce current staffing;" and (2) Vista Legacy would duplicate current programs offered

8

within the District, such as health science and business, including programs offered at Belmont high school, LA Academy of the Arts & Enterprise, and Downtown Business high school.

D.   *Appeal to Defendant*

Following the denial of its appeal to the County Board, plaintiff submitted an appeal to defendant.[4]  The District and the County Board then submitted their written oppositions to the appeal.

At an August 8, 2023, hearing, the advisory commission on charter schools (commission) reviewed the appeal and

---

[4]   Plaintiff asserted four abuses of discretion in the County Board's decision to deny the petition:  (1) the Board's finding under section 47605, subdivision (c)(2) was not supported by evidence in the record; (2) the Board's finding under section 47605 subdivision (c)(5) was not supported by evidence in the record; (3) the Board acted unlawfully when it failed to provide a de novo review and instead gave undue deference to the District in adopting its finding under section 47605, subdivision (c)(7), which was not supported by evidence in the record; and (4) the Board failed to proceed in a manner required by law when it did not allow a board member to amend the motion to deny the petition.

Plaintiff asserted two grounds constituting abuses of discretion in the District's decision to deny the petition:  (1) the District's finding under 47605, subdivision (c)(2) was not supported by substantial evidence in light of the entire record; and (2) the District acted unlawfully and in a procedurally unfair manner by using an incorrect definition of the term "'community impact'" and, in any event, its finding under section 47605, subdivision (c)(7) was not supported by evidence in the record.

documentary record and voted to recommend that defendant hear the appeal.

At its September 13, 2023, meeting, after considering the record and the commission's recommendation, defendant voted in favor of hearing the appeal. Defendant then held the hearing on the appeal from approximately 3:30 p.m. to 5:00 p.m. In addition to the parties' written submissions, supporting documentation, and the records from the District and County Board proceedings, defendant considered the written recommendation from the Department of Education (the Department) and its attached proposed findings. Defendant also heard presentations from the Department, plaintiff, the District, and the County Board, followed by public comment in-person and by phone.

Following the parties' presentations and comments, the Department's representative stated, "If even one basis for denial is supported by evidence in the record, the determination to deny should be affirmed."[5] The representative explained that the Department had "determined both the district and the county made written factual findings for denial of the ... petition, that are supported by evidence in the record ...." The representative then cited, as an "example[ ] of evidence" that supported the District's finding under section 47605, subdivision (c)(2), "'The district's finding that [plaintiff is] demonstrably unlikely to

---

[5] Plaintiff cites to slides that were presented by the Department in advance of the hearing, which included a bullet point that stated, "If even one basis for denial is supported by evidence in the record, the determination to deny should be affirmed," as well as discussion between defendant and the Department representative about this slide in support of its contention that defendant adopted a purported "any one finding" rule.

10

successfully implement the program set forth in the petition is supported by specific facts, including, but not limited to, the following.  Details of the proposed English language development program, factual omissions pertaining to [plaintiff's] existing charter schools and governance structure, and the performance and operational demands of [plaintiff's] existing charter schools.'" The Department representative also listed, as an example of the evidence that supported the County Board's finding under section 47605, subdivision (c)(7), "'The county's finding that the charter school is demonstrably unlikely to serve the interest of the entire community in which the school is proposing to locate is supported by specific facts, including but not limited to, enrollment data of nearby district and charter schools, programs available at schools in the community.'"

Following the hearing, defendant voted to adopt the Department's recommendation to affirm both the District's and the County's decisions to deny plaintiff's petition.  The recommendation, as adopted by defendant, stated:  "Both the District's and the [County Board's] determinations to deny [plaintiff's] petition were made pursuant to … [s]ection 47605[, subdivision] (c) and are supported by evidence in the documentary record, and thus there was no abuse of discretion. Under … [s]ection 47605[, subdivision] (k)(2)(e), the lack of an abuse of discretion by both the District and the [County Board] means that there is no basis to support a recommendation of reversal of the [District's] and [the County Board's] determinations to deny [plaintiff's] petition."

11

E.      *Petition for Writ of Mandate*

On November 1, 2023, plaintiff filed a petition for writ of mandate asserting a cause of action under ode of Civil Procedure section 1085 which sought a writ of traditional mandamus requiring defendant to vacate its decision affirming the determinations by the District and the County Board and hold a rehearing on plaintiff's appeal.[6]

On June 24, 2024, plaintiff filed its opening brief for the hearing on the mandamus petition, contending that defendant abused its discretion in denying the petition because neither the District nor the County Board made factual finding supported by specific facts and analysis in the record, as required for denial under section 47605, subdivision (c)(7).  According to plaintiff, the District made no competent factual findings that Vista Legacy would "'substantially undermine'" existing District services or that Vista Legacy would duplicate any existing District programs; and the County Board simply repeated the District's unsupported findings.  Plaintiff also argued that defendant abused its discretion by improperly relying on a stayed trial court ruling interpreting defendant's application of the abuse of discretion standard; by failing to utilize its own criteria under California Code of Regulations, title 5, section 11967.5.1; and by failing to apply the correct standard of review under section 47605, subdivision (k)(2)(E).  Finally, plaintiff maintained that defendant failed to conform to procedures required by law when it unlawfully excluded certain members of the public from

---

[6]      Plaintiff also alleged a cause of action under Code of Civil Procedure section 1094.5 which sought a writ of administrative mandate.  But the trial court sustained a demurrer to that cause of action, and plaintiff does not challenge that ruling on appeal.

exercising their right to present public comment during the hearing.

Defendant opposed the mandamus petition, and plaintiff then replied and lodged the administrative record.

On August 22, 2024, the trial court conducted a hearing on the writ petition and issued a ruling denying the petition. The court concluded that defendant did not abuse its discretion in affirming the decisions of the District and the County Board to deny the petition. According to the court, even assuming there was insufficient evidence to support the findings of the District and the County Board under section 47605, subdivision (c)(7), defendant did not abuse its discretion because both entities made other findings under subdivisions (c)(2) and (5) sufficient to support their denials of the petition.[7]

The trial court also rejected plaintiff's assertion that defendant did not consider the factors in California Code of Regulations, title 5, section 11967.5.1, stating, "[that section] does not require any particular findings be set forth by [defendant], only that [it] consider the factors contained therein. It is presumed that [defendant] performed its official duties (Evid. Code[,] § 664), and [plaintiff] has not presented any persuasive argument to the contrary."

---

[7]  In reaching its conclusion, the trial court rejected plaintiff's assertion that the County Board failed to make findings independent from those made by the District, explaining that, "[t]o the extent that [the County Board's] findings and citations to evidence are similar to the findings and citations of [the District], such similarity does not demonstrate [the County Board] failed to conduct a *de novo* review of the ... petition. [The County Board] was entitled to agree with [the District's] reasoning."

Finally, the trial court concluded that defendant did not violate the Bagley-Keene Open Meeting Act (Gov. Code, § 11125.7, subd. (a)) by barring plaintiff's employee from making public comment, finding, "[i]t was reasonable to bar [plaintiff's] employee, including an assistant superintendent ..., from speaking and effectively augmenting the amount of time that [plaintiff] was allotted to speak during the hearing. In any event, [plaintiff's] employee was able to finish her comment."

On September 24, 2024, the trial court entered judgement on its ruling denying the writ petition. On November 22, 2024, plaintiff filed a timely notice of appeal from the judgment. On April 2, 2026, we granted the request of the California Charter Schools Association to file an amicus brief in support of plaintiff to which defendant filed a response.

## III. DISCUSSION

### A. *Standard of Review*

In an appeal from a traditional mandate proceeding under Code of Civil Procedure section 1085, "'the trial court's findings as to foundational factual matters are conclusive if supported by substantial evidence. Thereafter, the appellate court performs essentially the same function as the trial court—it determines if the agency's decision was arbitrary, capricious or entirely lacking in evidentiary support, contrary to established public policy, unlawful or procedurally unfair.' [Citation.] 'The arbitrary and capricious standard of review employed under Code of Civil Procedure section 1085 is more deferential to agency decisionmaking than the substantial evidence standard.

14

[Citation.] … [¶] … Nevertheless, the proper interpretation of a statute is ultimately the court's responsibility.' [Citation.] We independently review 'the trial court's conclusions on questions of law, which include the interpretation of a statute and its application to undisputed facts.' [Citation.]" (*California Public Records Research, Inc. v. County of Alameda* (2019) 37 Cal.App.5th 800, 805, fn. omitted (*California Public Records*).)

"In a mandamus proceeding, the ultimate question, whether the agency's action was arbitrary or capricious, is a question of law. [Citations.] Trial and appellate courts therefore perform the same function and the trial court's statement of decision has no conclusive effect upon us. [Citation.] '[R]eview by this court will preclude any possibility of prejudice from any mistake by the trial court as to the proper scope of review.' [Citation.]" (*Shapell Industries, Inc. v. Governing Board* (1991) 1 Cal.App.4th 218, 233.)

B.      *The Charter School Act*

Under the Charter Schools Act of 1992 (section 47600 et seq.), the Legislature provided "opportunities for teachers, parents, pupils, and community members to establish and maintain schools that operate independently from the existing school district structure …." (§ 47601.)

"Typically, the process for establishing a new charter school involves the submission of a complying petition for the establishment of a charter school, including the proposed charter, to the school district in which the proposed school is to be located. (§ 47605, subd. (a).) 'In reviewing petitions for the establishment of charter schools …, the chartering authority shall be guided by

15

the intent of the Legislature that charter schools are and should become an integral part of the California educational system and that the establishment of charter schools should be encouraged. The governing board of the school district shall grant a charter for the operation of a school … if it is satisfied that granting the charter is consistent with sound educational practice and with the interests of the community in which the school is proposing to locate.' (*Id.*, subd. (c).) 'The governing board of the school district shall not deny a petition for the establishment of a charter school unless it makes written factual findings, specific to the particular petition, setting forth specific facts to support one or more' of the statutory findings set forth in section 47605, subdivision (c)(1) through (8) justifying denial. (*Id.*, subd. (c).)

"'If the governing board of a school district denies a petition, the petitioner may elect to submit the petition for the establishment of a charter school to the county board of education.' (§ 47605, subd. (k)(1)(A)(i).) 'If the county board of education denies a petition, the petitioner may appeal that denial to the state board.' (*Id.*, subd. (k)(2).) If the state board elects to hear the appeal rather than summarily deny it based on the documentary record (see *id.*, subd. (k)(2)(D), (E)), 'the state board may affirm the determination of the governing board of the school district or the county board of education, or both of those determinations, *or may reverse only upon a determination that there was an abuse of discretion by each of the governing board of the school district and the county board of education.*' (*Id.*, subd. (k)(2)(E), italics added.)" (*Napa Valley Unified School Dist. v. State Board of Education* (2025) 110 Cal.App.5th 609, 616–617 (*Napa Valley Unified School Dist.*).)

C.    *Analysis*

    1.    <u>Challenge to Trial Court's Ruling</u>

On appeal, plaintiff challenges only one of the three grounds cited by the District and the County Board in their denial of plaintiff's petition, specifically, their decision to deny the petition under section 47605, subdivision (c)(7), based on their finding that Vista Legacy was demonstrably unlikely to serve the interests of the entire community in which the school proposed to locate.  It does not challenge the other two grounds cited by the District and the County Board in support of their denial of the petition.  Nor does it contend that it was prejudiced by the District and County Board's finding that section 47605, subdivision (c)(7) applied, in that it does not argue that its petition would have been approved absent that finding.

Instead, plaintiff argues that the trial court erred when it "sidestepped any substantive review of the glaring abuse of discretion surrounding [the District's] erroneous [application of] [s]ection 47605[, subdivision ](c)(7) …."  Thus, at bottom, plaintiff contends that the court was required to make an express finding as to whether the District and County Board abused its discretion when it concluded that the petition should be denied under section 47605, subdivision (c)(7), notwithstanding their unchallenged findings that the petition should be denied on two other grounds set forth in subdivision (c).[8]  We disagree.

---

[8]    The Charter School Association has filed an amicus brief in which it similarly argues that the findings of the District and the County Board that Vista Legacy was demonstrably unlikely to serve the interests of the community in which the school is proposing to locate was not supported by substantial evidence.

17

The phrase "one or more of the following findings" in section 47605, subdivision (c) has a plain meaning—a single determination under one of the enumerated categories in subdivision (c)(1) through (8) is sufficient to deny a charter petition, if supported by specific facts. (*Hughes v. Board of Architectural Examiners* (1998) 17 Cal.4th 763, 775 ["When the statutory language, standing alone, is clear and unambiguous— that is, has only one reasonable construction—courts usually adopt the plain or literal meaning of that language"]; *Merced Irrigation Dist. v. Superior Court* (2017) 7 Cal.App.5th 916, 924.) Thus, the trial court correctly concluded that defendant's affirmance of the District's denial was not an abuse of its discretion, so long as the District made at least one other required finding under subdivision (c)(1) through (8), which was supported by the evidence.

Moreover, under well-established principles of justiciability, a judicial tribunal ordinarily may consider and determine only an existing controversy, and not a moot question or abstract proposition. (*Costa Serena Owners Coalition v. Costa Serena Architectural Com.* (2009) 175 Cal.App.4th 1175, 1205– 1206) For example, in the dependency context, "'[w]hen a dependency petition alleges multiple grounds for its assertion that a minor comes within the dependency court's jurisdiction, a reviewing court can affirm the juvenile court's finding of jurisdiction over the minor if any one of the statutory bases for jurisdiction that are enumerated in the petition is supported by substantial evidence. In such a case, the reviewing court need not consider whether any or all of the other alleged statutory grounds for jurisdiction are supported by the evidence.' [Citation.] This is true because no effective relief could be

18

granted in such a situation, as jurisdiction would be established regardless of the appellate court's conclusions with respect to any such additional jurisdictional grounds." (*In re Madison S.* (2017) 15 Cal.App.5th 308, 328–329.)  Here, the unchallenged findings by the District and the County Board supported a denial of the petition, regardless of defendant's conclusion that their findings under section 47605, subdivision (c)(7) were also supported by the record.

The trial court was not required, as plaintiff repeatedly maintains, to nevertheless analyze whether the District employed the wrong legal standard in making its findings under section 47605, subdivision (c)(7).  Instead, because the District and the County Board made two other, independent determinations under section 47605, subdivision (c), their denials of the petition were warranted, as long as at least one of those determinations was supported by sufficient facts.  The court therefore correctly proceeded to review the facts in support of those two findings under section 47605, subdivisions (c)(2) and (c)(5) and concluded that "reasonable minds could find that the other findings of [the District] and [the County Board]—including that [plaintiff] is demonstrably unlikely to successfully implement the program set forth in the charter petition—are sufficient to warrant denial of the charter petition."

Although the County Board's facts in support of its two findings were similar in some respects to the facts asserted by the District in support of its findings, we reject plaintiff's contention that the County Board failed to conduct a de novo review and instead merely "parroted" the findings of the District.  To the contrary, the record of those proceedings supported an inference that the County Board conducted its own review of the petition.

19

Given the facts in the record supporting the other findings made by the District and the County Board, and plaintiff's failure to challenge the sufficiency of those facts in the trial court or on appeal, the trial court did not err by concluding that defendant properly exercised its discretion in affirming the denial decisions of the District and County Board.

### 2. Challenge to Defendant's Denial

Plaintiff next contends that defendant abused its discretion when it affirmed the District and the County Board's denial of the petition.

#### a. Section 47605, subdivision (c)(7) finding

In support of its contention that defendant abused its discretion, plaintiff again cites to what it contends is insufficient evidence to support the District and County Board's denial of the petition on the grounds that plaintiff was demonstrably unlikely to serve the interests of the entire community in which the school was proposing to locate (§ 47605, subd. (c)(7)).  According to plaintiff, section 47605, subdivision (k)(2)(E) supports its contention that defendant was obligated to expressly state whether the District and County Board abused its discretion with respect to each of the grounds cited in support of their decision to deny the petition as that section authorizes defendant "to reverse a charter denial 'upon a determination that there was *an* abuse of discretion'—singular."[9]

---

[9]    Amicus Curiae does not specifically join in plaintiff's statutory argument but urges us to reject defendant's adoption of

20

We reject plaintiff's novel construction of the statute, which it has selectively quoted. In the sentence that immediately follows the quoted language, section 47605, subdivision (k)(2)(E) states: "Abuse of discretion is the most deferential standard of review, under which the state board must give deference to the decisions of the governing board of the school district and the county board of education to deny the petition." Thus, the statute clarifies that it is *the decisions* of the District and the County Board that are reviewed by defendant, not each individual finding.

### b. Reliance on Stayed Trial Court Ruling

Plaintiff next maintains that defendant abused its discretion by adopting the purported "any one finding rule" based on the Department's presentation at the hearing, which included reference to a trial court ruling in another matter that was stayed pending the outcome of an appeal. Although the record reflects that the ruling was referenced by the County Board and a Department representative during the hearing, it does not support an inference that defendant's interpretation of subdivision (c) was predicated on the references to that case.[10]

---

the purported "any one finding" rule as such an interpretation would be "unfair." We disagree. "The mere denial of a charter school petition based on specified, statutory grounds, without something more, does not denote unfairness." (*Napa Valley Unified School Dist.*, *supra*, 110 Cal.App.5th at p. 627.)

[10] The superior court action to which plaintiff refers has since been affirmed in *Napa Valley Unified School Dist.*, *supra*, 110 Cal.App.5th 609.

21

And, as we have explained, defendant's ultimate interpretation of the statutory language was consistent with its plain meaning and correct as a matter of law. Plaintiff therefore has failed to show that defendant did not proceed in a manner required by law in applying subdivision (c).

###     c.     Changes to Section 47605, subdivision (k)(2)(E)

Citing to changes to the language of section 47605 made after their appeal to defendant was filed, plaintiff contends that defendant abused its discretion by retroactively applying the amended version of subdivision (k)(2)(E) to their appeal. According to plaintiff, the language of subdivision (k)(2)(E) prior to the amendment required defendant to reverse the denial of the petition based on a showing that *either* the District or the County Board abused its discretion in denying it; after the amendment, plaintiff was required to show that *both* the District and the County Board engaged in such abuse. Because defendant relied on the standard set forth in the amended language, plaintiff maintains it abused its discretion.

Even if defendant relied on the prior version of section 47605, subdivision (k)(2)(E) that would have required a reversal of the denial upon a finding that either the District or the County Board committed an abuse of discretion, defendant ultimately affirmed the decisions of both entities, finding that *neither* abused its discretion. Plaintiff therefore would not have been entitled to the mandamus relief it sought even if the prior version had been applied to the review of its appeal. (See *California Public Record Research, Inc. v. County of Stanislaus* (2016) 246 Cal.App.4th 1432, 1449 ["When a party seeking a writ of traditional mandamus has established an abuse of discretion, the

22

issuance of the writ is not automatic. That party also must show prejudice resulted from the public agency's action"].)

         d.      California Code of Regulations, Title 5, Section 11967.5.1

Plaintiff also asserts that defendant was required to address the criteria set forth in California Code of Regulations, title 5, section 11967.5.1[11] in conducting its review of an appeal under section 47605, subdivision (k)(2). According to plaintiff, the "application of the section 11967.5.1 criteria in evaluating whether a district or county abused its discretion is essential to [defendant's] duties in the implementation of statewide education policy."

The cited regulation, however, does not apply to appeals under section 47605, subdivision (k)(2), which provision applies when, as here, defendant is called upon to review the denials of petitions by a school district and a county board. Instead, California Code of Regulations, title 5, section 11967.5.1 applies when a plaintiff "elect[s] to submit [a] petition for the establishment of a charter school to [defendant]." (§ 47605, subd. (k)(1)(B); Tit. 5, C.C.R., § 11967.5.)[12] In any event, even if

_____

[11] Code of Regulations, Title 5, section 11976.5.1 is entitled "Criteria for the Review and *Approval of Charter School Petitions* and Charter School Renewal Petitions by the State Board of Education (SBE)." (Italics added.)

[12] Section 47605, subdivision (k)(1)(B) provides: "If the governing board of a school district denies a petition and the county board of education has jurisdiction over a single school district, the petitioner may elect to submit the petition for the

23

California Code of Regulations, title 5, section 11967.5.1 did apply, that section requires only that a defendant consider certain criteria, it does not require defendant to expressly state that it considered the criteria or make written findings under that criteria. (See Evid. Code, § 664 [An agency is presumed to have regularly performed its duties].)

e. Underground Rule

For the first time on appeal, plaintiff contends that defendant's purported application of the "'any one finding rule,' … presents the characteristics of an invalid, underground regulation." Plaintiff did not plead the contention in the writ petition or otherwise raise it in the trial court. "As a general rule, 'issues not raised in the trial court cannot be raised for the first time on appeal.' [Citation.] On a number of occasions, however, appellate courts have relaxed this rule and have permitted a party to raise belatedly 'a pure question of law which is presented on undisputed facts.' [Citations.] This forgiving approach has been most frequently invoked when 'important issues of public policy are at issue.' [Citations.]" (*Sea & Sage Audubon Society, Inc. v. Planning Comm*. (1983) 34 Cal.3d 412, 417.) We decline to exercise our discretion to consider plaintiff's contention under the circumstances presented here.

Even if we were to consider the contention, because we have concluded that defendant's interpretation was consistent with the plain language of the statute and the legislature's

---

establishment of a charter school to the state board. The state board shall review a petition submitted pursuant to this subparagraph pursuant to subdivision (c)."

expressed intent, we would find no abuse of discretion in any event. (See *Communities for a Better Environment v. State Water Resources Control Bd.* (2003) 109 Cal.App.4th 1089, 1104 ("[W]hile interpretation of a statute or regulation is ultimately a question of law, we must also defer to an administrative agency's interpretation of a statute or regulation involving its area of expertise, unless the interpretation flies in the face of the clear language and purpose of the interpreted provision"].)

### f. Violation of Bagley-Keene Open Meeting Act

As plaintiff reads the record, defendant conducted an unfair proceeding in violation of Government Code, section 11120 et seq., the Bagely-Keene Open Meeting Act, when it objected to allowing plaintiff's representatives to speak during the time allotted for public comment. According to plaintiff, that "unlawful restriction was … arbitrary and capricious, and a failure to conform to procedures required by law by excluding certain members of the public from participating in the public proceeding solely because of their affiliation with [plaintiff]."

The record of the hearing shows that defendant allotted time for plaintiff's representatives to speak on its behalf, and plaintiff does not suggest that the time allotted for that purpose was inadequate. After the parties had concluded making their presentations, defendant opened the meeting for public comment. Plaintiff's assistant superintendent, Karen Amaya began to offer comments in favor of the petition. Although a representative of the Department objected to allowing Ms. Amaya to speak during the public comment period because it would unfairly expand upon the time allotted to present plaintiff's case, defendant ultimately allowed Ms. Amaya to finish her comments. No other

25

representative of plaintiff was prevented from speaking during the public comment period.

On this record, we find no abuse of discretion. It was not unreasonable for defendant to limit the time each party had to present their case or to object to using the time allotted for public comment to unfairly expand one party's time. In any event, plaintiff's representative was not prevented from making further comments on its behalf during the public comment period and no other representative was prevented from making comments.

## IV.   DISPOSITION

The judgment denying the petition for writ of mandate is affirmed.  Respondent is awarded costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KIM (D.), J.


We concur:


MOOR, Acting P. J.


KUMAR, J.[*]

---

[*]     Retired judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.